# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LISA SHERMAN

VERSUS

LUKE IRWIN, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
FORMER SLIDELL POLICE
OFFICER, RANDY SMITH,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS FORMER
CHIEF OF POLICE OF SLIDELL,
LOUISIANA, AND THE CITY OF
SLIDELL

NO. 2021 CW 0482

**JULY 19, 2021**

---

In Re: Randy Smith, individually and in his official capacity as former Chief of Police of Slidell, Louisiana, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 202015310.

---

**BEFORE: WHIPPLE, C.J., WELCH AND WOLFE, JJ.**

**WRIT GRANTED.** The trial court erred by denying the peremptory exception raising the objection of prescription filed by relator, Randy Smith, individually and in his official capacity as former Chief of Police for the City of Slidell. The plaintiff's negligence causes of action against relator, arising out of his purported failure to supervise an officer and failure to prevent further sexual abuse by the officer, do not fall within the purview of La. Civ. Code art. 3496.2, which provides a three-year prescriptive period in "[a] delictual action against a person for any act of sexual assault." Instead, the plaintiff's tort claims against relator are governed by La. Civ. Code art. 3492, which is applicable to general negligence actions, and are subject to a one-year prescriptive period. It is evident from the face of the plaintiff's state court petition that her causes of action against relator prescribed no later than February 1, 2017; thus, her first petition, filed in federal court in April 2017, was untimely. The judgment signed on April 26, 2021 is reversed. The exception of prescription filed by Randy Smith, individually and in his official capacity as former Chief of Police for the City of Slidell, is granted. Since the grounds for the exception of prescription cannot be removed through amendment, opportunity to amend is not warranted, and the plaintiff's suit against Randy Smith, individually and in his official capacity as former Chief of Police for the City of Slidell, is dismissed with prejudice. See La. Code Civ. P. art. 934.

VGW
JEW
EW

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT